IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EDDIE D. JOHNSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2: 11-cv-4217-NKL |
| | ) |
| DOLLAR TREE STORES, INC. et. al. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Plaintiff's Motion to Dismiss Without Prejudice [Doc. # 23] filed by Plaintiff Eddie Johnson. For the following reasons, the Court grants the Motion subject to additional conditions.

**I. Background**

Plaintiff Johnson filed this Title VII action alleging sexual harassment and retaliation in the United States District Court for the Central District of California on July 19, 2011. On August 17, 2011, the case was transferred to this Court. On September 9, 2011, Dollar Tree filed its Answer to the Complaint, and on September 16, a scheduling order was entered. [Doc. # 23 at 1]. On October 3, 2011, Johnson received a Right to Sue from the Missouri Commission of Human Rights. On or about October 4, 2011, Johnson communicated with Defendant Dollar Tree requesting that the federal claim be dismissed so that Johnson could litigate statutory claims under the Missouri Human Rights Act (MHRA) against Dollar Tree

in the Circuit Court of Boone County. Dollar Tree refused to agree to a dismissal without prejudice. Johnson has also expressed his intention to add three additional Defendants as named defendants for alleged violations of the MHRA, at least one of whom Johnson alleges is a Missouri resident. [Doc. # 23 at 2].

**II.     Discussion**

Johnson seeks to voluntarily dismiss his Title VII action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Once an answer has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper. *See* Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). In determining whether to grant a motion to voluntarily dismiss without prejudice, the Court considers factors such as whether the party has presented a proper explanation for its desire to dismiss, *see, e.g. Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999); whether a dismissal would result in a waste of judicial time and effort, *see, e.g.*, *Tikkanen v. Citibank (South Dakota) N.A.*, 801 F. Supp. 270, 273-74 (D. Minn.1992); and whether a dismissal will prejudice the defendants, *see, e.g., Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). A party is not permitted to dismiss merely to escape an adverse decision or to seek a more favorable forum. *See, e.g., Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857 n. 1 (8th Cir. 1975). A plaintiff is entitled to a voluntary dismissal where the only prejudice suffered by the defendant is a subsequent

2

lawsuit. *Paulucci,* 826 F.2d at 782. Rule 41(a)(2) authorizes a court to dismiss an action with or without prejudice, *see Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995), or "to grant the motion without conditions, grant it with conditions, or deny the motion entirely." *See Brackett v. State Highways & Transp. Comm'n*, 163 F.R.D. 305, 307 (W.D. Mo, 1995).

Johnson is seeking a voluntary dismissal to allow him to "forego litigating the federal claims and [to instead] litigate statutory claims under the Missouri Human Rights Act ("MHRA") in the Circuit Court of Boone County against Dollar Tree." [Doc. # 23 at 2]. Johnson states in his briefing that he does not desire to add state claims to the existing federal lawsuit because of the risk that the federal claims will be dismissed by the Court and the state law claims then remanded back to state court because of the presence of non-diverse defendants.[1] Reading this explanation in the light most favorable to Johnson, it thus appears that he is willing to give up his current federal claims to reduce the risk that any future state-law claims he may bring could be required, for all practical purposes, to be litigated twice in separate forums. The Court finds that this rationale represents a strategic decision sufficient to warrant a voluntary dismissal. The substantive legal differences between

---

[1] In most cases where pendent state claims remain after the dismissal of federal claims, federal courts dismiss without prejudice the state claims and remand them to state courts to avoid needless decisions of state law. *See Ivy v. Kimbrough*, 115 F.3d 550, 552-52 (8th Cir. 1997). However, courts retain discretion in these cases to determine whether to exercise their supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding that a district court may consider a plaintiff's forum manipulation when determining whether to remand a case involving pendent state-law claims).

Johnson's potential state law claims and the existing federal claim,[2] as well as Johnson's intention to include non-diverse defendants on the MHRA claims, raise the real risk of remand and thus, of prolonged litigation, if he chooses to pursue both the federal and state claims. Johnson also argues that his Motion does not represent on his part an attempt to avoid an adverse decision from the Court, since both federal and Missouri courts apply Missouri law when litigating MHRA claims.

Though Dollar Tree argues that it will simply have the case removed once more to federal court, thus leading to judicial waste, this possibility is as of yet too speculative to warrant a denial of Johnson's motion. Not only has Johnson not yet filed any state law claims, Dollar Tree bases the possibility of future removal on its legal argument that the non-diverse defendants would be dismissed from any state court action on account of Johnson's failure to name these defendants in the initial administrative charge. While Dollar Tree's legal argument may have merit, the Court finds that this outcome is far from certain given the current state of Missouri case law. *See Hill v. Ford Motor Co.*, 277 S.W.3d 659, 670 (Mo. 2009) (noting the importance of "the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially [in cases

---

[2] Proving that discrimination was a contributing factor, as required under MHRA, is less burdensome than showing that such discrimination represents a substantial or determining factor as required by Title VII. *See Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818-19 (Mo. 2007) (en banc) (stating that MHRA's "safeguards are not identical to the federal standards and can offer greater discrimination protection"); *Wierman v. Casey's Gen. Stores,* 638 F.3d 984, 1003 (8th Cir. 2011) (stating that a plaintiff alleging pregnancy discrimination in violation of the Missouri Human Rights Act (MHRA) could avoid summary judgment by showing that her pregnancy was a contributing factor, rather than a substantial or determining factor, in the employment decision at issue in the action).

4

where] demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance"); *Alhalabi v. Missouri Department of Natural Resources*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009) (stating that under the "liberal approach" of the Missouri Supreme Court, "administrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge").

Dollar Tree also argues that it will suffer prejudice upon a voluntary dismissal. Although no discovery has yet been produced, or any dispositive motions filed, the Court acknowledges the expense and effort expended by Dollar Tree as a result of the case being initially filed in California. On the other hand, Johnson is agreeing to forego the very claim that was filed in California and removed here, his claim under federal law. Therefore, the Court cannot say that Dollar Tree will be prejudiced if that claim is dismissed. The only problem will be if Johnson attempts to resuscitate the federal claim in a future procedural pirouette. For this reason, as well as to address any concerns about potential forum-shopping, the Court will permit Johnson to voluntarily dismiss his claim, without prejudice, on the condition that he does not ever file a federal discrimination claim based on the same conduct alleged in his complaint. Should Johnson file such a federal claim in the future, he will be required to pay the reasonable costs that Dollar Tree incurred from the date Johnson filed his complaint in California to the date of the dismissal of his claim in this Court.

**III. Conclusion**

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Voluntary Dismissal is GRANTED subject to the condition that Plaintiff does not file a future law suit raising the same federal claim that he now seeks to dismiss and if he pursues such a federal claim he compensates Dollar Tree as indicated in this order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 19, 2011
Jefferson City, Missouri